IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC  20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH <br> AND HUMAN SERVICES, <br> 200 Independence Avenue SW <br> Washington, DC  20201, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Health and Human Services ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies, analyzes the responses it receives, and

disseminates its findings and the records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Health and Human Services is an agency of the U.S. Government and is headquartered at 200 Independence Avenue SW, Washington, DC 20201. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 20, 2021, Plaintiff submitted a FOIA request via the web portal to the Administration for Children and Families ("ACF") a component of Defendant, seeking the following records:

> 1. All documents related to the preparation and logistics involved in the transportation of Unaccompanied Alien Children (UACs) to and from Chattanooga's Wilson Air Center on May 14, 2021.
>
> 2. All ACF officials' internal email communications related to the transportation of UACs to and from Chattanooga's Wilson Air Center on May 14, 2021.

6. On May 20, 2021, ACF acknowledged receipt of the request and assigned Plaintiff's FOIA request the reference number 21-F-0119.

7. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make final determinations on Plaintiff's request by June 18, 2021, at the latest. Because Defendant failed to make final determinations on Plaintiff's requests/appeal within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 4 -

Dated:  October 7, 2022                                  Respectfully submitted,

*/s/ Meredith Di Liberto*
MEREDITH DI LIBERTO
D.C. Bar No. 487733
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Telephone:      (202) 646-5172
Email:  mdiliberto@judicialwatch.org

*Counsel for Plaintiff*